IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STEPHEN KOWALEWSKI,

                             OPINION AND ORDER

          Plaintiff,

                                18-cv-004-bbc

   v.

KEITH TORGERUD, ANGELA TORGERUD and
DOES 1-100,

         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed civil action for monetary relief, pro se plaintiff Stephen Kowalewski is alleging that defendants Keith and Angela Torgerud and several unknown individuals working with them removed his 14-year-old daughter from his home without his consent, a warrant or probable cause, in violation of his constitutional rights and various state laws. Because plaintiff is proceeding under the in forma pauperis statute, 28 U.S.C. § 1915, and cannot afford to make an initial partial payment, I must screen his complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B).

Unfortunately, I cannot review the potential merits of plaintiff's claims at this time because his pleading does not provide enough information to support a federal claim, as required by Rule 8 of the Federal Rules of Civil Procedure. Although I am dismissing

1

plaintiff's complaint, I will give him an opportunity to file an amended complaint that explains his claims more clearly.

Plaintiff alleges the following facts in his complaint.

ALLEGATIONS OF FACT

Plaintiff Stephen Kowalewski entered the hospital for tests on January 12, 2017. That same day, "defendants" removed his 14-year old daughter from his home in Galesville, Wisconsin without his knowledge or consent. On January 13, 2017, the Galesville Police Department and the Trempealeau County Department of Human Services "broke the code" on his garage door and entered his home without his consent, a warrant or probable cause. After plaintiff told the police and human services employees that he expected to see his daughter getting off the school bus that afternoon at 3:50 p.m., they left his garage but said nothing about the whereabouts of his daughter. Plaintiff later found a note in his driveway that stated that his daughter was in the custody of the human services department. He called a number on the business card left with the note and was told that his daughter was staying with defendants Keith and Angela Torgerud.

OPINION

A. Jurisdictional Issues

A threshold question in any case is whether the court has jurisdiction over any of the claims that plaintiff is trying to bring. Federal courts have limited jurisdiction, which means

that they may hear a case only if Congress or the Constitution authorize it. As a result, I must determine whether subject matter jurisdiction exists, even if none of the parties raise the issue. McCready v. White, 417 F.3d 700, 702 (7th Cir. 2005).

Generally, a federal court may exercise jurisdiction over a case in one of two situations: (1) the plaintiff brings a claim that arises under federal law, 28 U.S.C. § 1331; or (2) the plaintiff and defendants are citizens of different states and the amount in controversy is greater than $75,000. 28 U.S.C. § 1332. Because plaintiff alleges that he and all of the defendants are residents of Wisconsin, he must bring a claim that arises under federal law for his case to remain in this court. Under 28 U.S.C. § 1367, a federal court may exercise supplemental jurisdiction over a plaintiff's properly pled state law claims, but only if those claims are related to federal claims in the same case.

Plaintiff alleges generally that he is bringing 14 causes of action, including intentional and negligent infliction of emotional distress, custody interference, malicious and outrageous conduct, extortion, criminal trespassing, fraud, false arrest and imprisonment, malicious prosecution and misuse of the courts, loss of liberty and consortium, slander, libel and defamation. However, most of these causes of action are either crimes for which he may not bring a private civil enforcement action, Israel Aircraft Indusustries Ltd. v. Sanwa Business Credit Corp., 16 F.3d 198, 200-01 (7th Cir. 1994) ("No case during the last generation creates a private right of action to enforce a statute cast in the form of a criminal prohibition."), or state law tort claims over which this court does not have subject matter

jurisdiction unless plaintiff can state a federal claim upon which relief may be granted. I will discuss the possible federal claims that plaintiff may have below.

B. Potential Federal Claims

Under 42 U.S.C. § 1983, plaintiff may bring a claim against a "person" acting under color of state law who deprived him of rights or privileges protected by the United States Constitution or federal laws. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Plaintiff's allegations that individuals removed his daughter from his custody and later entered his home unlawfully implicate his rights under the Fourth Amendment and the due process clause of the Fourteenth Amendment.

The Fourth Amendment protects against unreasonable searches and seizures. The Court of Appeals for the Seventh Circuit has held that "[i]n the context of removing a child from his home and family," "a seizure is reasonable if it is pursuant to a court order, if it is supported by probable cause, or if it is justified by exigent circumstances, meaning that state officers 'have reason to believe that life or limb is in immediate jeopardy.'" Brokaw v. Mercer County, 235 F.3d 1000, 1010 (7th Cir. 2000). Similarly, "searches . . . inside a home without a warrant are presumptively unreasonable" under the Fourth Amendment. Payton v. New York, 445 U.S. 573, 586 (1980). However, law enforcement officers may enter an individual's home without a warrant when the individual consents, United States v. Risner, 593 F.3d 692, 694 (7th Cir. 2010), or "when police have a reasonable belief that exigent circumstances require immediate action and there is no time to secure a warrant."

4

Leaf v. Shelnutt, 400 F.3d 1070, 1081 (7th Cir. 2005).  Exigent circumstances also justify warrantless entry when, for example, law enforcement must rescue an individual from imminent danger, prevent a suspect from escaping, or prevent the destruction of evidence. Sutterfield v. City of Milwaukee, 751 F.3d 542, 557 (7th Cir. 2014) (citing cases).

Under the due process clause of the Fourteenth Amendment, the Supreme Court has recognized a person's right to familial relations and the protected liberty interest of parents in the care, custody and management of their children.  Siliven v. Indiana Department of Child Services, 635 F.3d 921, 928-29 (7th Cir. 2011) (summarizing cases); Brokaw, 235 F.3d at 1018-19 (same).  However, like Fourth Amendment rights, "the constitutional right to familial integrity is not absolute" and "is limited by the compelling governmental interest in the protection of children particularly where the children need to be protected from their own parents."  Brokaw, 235 F.3d at 1019 (internal citations omitted).  Therefore, claims relating to the removal of children under the Fourth and Fourteenth Amendments are evaluated under the same standard.  Id. ("[C]ourts have recognized that a state has no interest in protecting children from their parents unless it has some definite and articulable evidence giving rise to a reasonable suspicion that a child has been abused or is in imminent danger of abuse.").

Although plaintiff provides little information about the circumstances under which his daughter was removed from his home and various officials entered his garage, his allegations that both actions were taken without his consent or a warrant likely state a claim under the Fourth and Fourteenth Amendments.  However, "[t]o recover damages under §

5

1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right." Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995). "An individual cannot be held liable in a § 1983 action unless he caused or participated in [the] alleged constitutional deprivation." Starzenski v. City of Elkhart, 87 F.3d 872, 879 (7th Cir. 1996) (emphasis in original).

Although plaintiff names the Torgeruds and 100 John and Jane Does as defendants, he does not provide any information about them, who they worked for or what each of them did to violate his rights. For example, it is not clear from plaintiff's allegations who the Torgeruds are, but it appears that they are private citizens who may be serving as foster parents or guardians for plaintiff's daughter. Foster parents and relatives do not become state actors solely because they take physical custody of allegedly neglected and abused children. Letisha A. by Murphy v. Morgan, 855 F. Supp. 943, 947 (N.D. Ill. 1994). Therefore, unless the Torgeruds are state or county employees or were performing services for the government other than just serving as foster parents, plaintiff will not be able to state a federal claim against them. Plaintiff also mentions the Galesville Police Department and the Trempealeau County Department of Human Services in his complaint, but he does not make clear whether the Doe defendants worked for either department or in a different state agency. As discussed further below, although plaintiff may not know the names of most of the individuals whom he seeks to sue, he will need to provide more information in order to state a claim upon which relief may be granted against any of them.

6

## C. Rule 8 and Next Steps

Under Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 also requires that the complaint contain enough allegations of fact to make a claim for relief plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Because plaintiff's complaint does not comply with Rule 8, I must dismiss it without prejudice. Plaintiff is free to file an amended complaint that includes the allegations that are missing.

If plaintiff chooses to file an amended complaint, he should keep it short and to the point and draft it as if he were telling a story to people who know nothing about his situation. In particular, he should include allegations that would allow someone reading the complaint to answer the following questions:

- How and why his daughter was removed from his custody?

- Why does plaintiff believe that the removal of his daughter occurred without a warrant, court order or reasonable suspicion that she was in imminent danger?

- Why does plaintiff believe that the people who entered his home did not have a warrant and that exigent circumstances did not justify the entry?

- Who did the individual defendants work for and what did each of them do to violate plaintiff's rights? (Plaintiff may number his John or Jane Doe defendants as he did in his original complaint, but he should discuss the role and actions of each defendant separately.)

7

Plaintiff should not include in his amended complaint any claims that allege violations of state criminal law or any claims against private individuals who do not work for a city, county or state government. Plaintiff also should not bring any claims challenging a state court order or the actions of any judges or court officials. Federal district courts lack jurisdiction to hear claims seeking to vacate state court judgments or challenge divorce, custody or alimony decrees. Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Plaintiff makes several references to "judicial corruption," but judges have absolute immunity from liability for judicial conduct. Richman v. Sheahan, 270 F.3d 430, 434 (7th Cir. 2001). Judicial immunity "confers complete immunity from suit, not just a mere defense to liability." Dawson v. Newman, 419 F.3d 656, 660 (7th Cir. 2005). Court commissioners performing "functions integral to the judicial process" are also immune from liability. Dellenbach v. Letsinger, 889 F.2d 755, 763 (7th Cir. 1989). This means that plaintiff would not be able to bring a claim against any judge or court commissioner for conduct arising out of official decisions or actions.

If plaintiff's amended complaint satisfies Rule 8, I will consider the merits of his claims.

ORDER

IT IS ORDERED that plaintiff Stephen Kowalewski's complaint is DISMISSED without prejudice for failure to comply with Fed. R. Civ. P. 8. He may have until March 26,

2018 to file an amended complaint that complies with Rule 8. If plaintiff does not file an amended complaint by March 26, the clerk of court is directed to close this case.

Entered this 22d day of February, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge